UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 6:09-cr-566-GRA-6 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Harold Leon London, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's *pro se* Motion. Defendant seeks a sentence reduction based on the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372. Defendant also asks the Court to compel the Government to file a motion to reduce Defendant's sentence. This Court construes Defendant's request for a sentence reduction as a habeas petition under 28 U.S.C. § 2255 and construes Defendant's request to compel the Government as a Motion to Compel.

For the reasons stated herein, Defendant's Motion to Compel is DISMISSED as moot. The Court will reserve judgment on the merits of Defendant's request for a sentence reduction under the Fair Sentencing Act of 2010 until either he objects to this matter being treated as a petition under 28 U.S.C. § 2255 or the twenty-day period for objections has expired.

## Background

On December 29, 2009, Defendant entered a plea of guilty for conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). This Court then sentenced Defendant to 188 months imprisonment on June 9, 2010. Defendant filed the instant Motion on August 20, 2010. On December 27, 2010, the Government filed a motion (the "Rule 35 motion") asking for a reduction to Defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b).

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

However, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The liberal construction requirement means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th

Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Defendant asks this Court to compel the Government to file a motion to reduce his sentence based on his assistance to the Government on a rape case. Defendant's Motion to Compel is moot now that the Government has filed a Rule 35 motion seeking a reduction of Defendant's sentence.

Defendant grounds the remaining part of his Motion in the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372,[1] which increased the amount of cocaine base a defendant must possess to trigger a mandatory minimum sentence of five or ten years. Fair Sentencing Act of 2010 § 2(a), 124 Stat. at 2372 (codified as amended at 21U.S.C. § 841(b)(1)). Requests for sentence reductions under the Fair Sentencing Act of 2010 are cognizable as petitions under § 2255. *See, e.g.*, *United States v. Boyd*, No. 08-70, 2010 WL 5373923 (E.D. La. Dec. 21, 2010); *Brazleton v. United States*, No. 3:10-cv-382-RM, 2010 WL 5391579 (N.D. Ind. Dec. 21, 2010); *Coleman v. Owen*, No. 0:10-2151-SB-PJG, 2010 WL 3842381 (D.S.C. Aug. 30, 2010), *adopted by district judge*, 2010 WL 4337995 (Oct. 22, 2010). Indeed,

---

[1] Defendant asks the Court to apply the "new crack law of 18 to 1." Defendant does not cite the statute on which he is relying. Based on Defendant's statements, this Court concludes that Defendant is referring to the Fair Sentencing Act of 2010.

at least one court in this District has suggested that a § 2255 petition is the sole vehicle for this particular claim. *See Coleman*, 2010 WL 3842381, at *3.

Because Defendant essentially seeks a sentence correction, the Court finds that the matter should be construed as a petition for habeas corpus relief under 28 U.S.C. § 2255. Such a construction may have serious implications for Defendant, due to the procedural limitations on § 2255 petitions, and it may limit his ability to pursue his claims. Therefore, these limitations will be briefly outlined.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. The AEDPA instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In addition to the time limitations above, petitioners are also limited in the number of petitions they are allowed to make. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) (internal citations omitted). Section 2255 provides that:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>  (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>  (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. §§ 2244, 2253.

Because a prisoner is entitled to file only one § 2255 petition without seeking permission from the court of appeals, the United States Court of Appeals for the Fourth Circuit has implemented certain safeguards for prisoners before their filings may be construed as a § 2255 petition. *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002).

Before a district court re-characterizes a filing as a § 2255 petition, it must: (1) notify the petitioner of this decision; (2) advise the petitioner of the statutory and procedural limitations on § 2255 petitions discussed above; and (3) provide the petitioner a reasonable opportunity to respond to the re-characterization. *Emmanuel*, 288 F.3d at 649.

In compliance with this directive, this Court is providing Defendant twenty (20) days from the date this order is entered (plus three days for mail time, pursuant to Federal Rule of Civil Procedure 6(d)) to inform, in writing, the Clerk's Office in Greenville, South Carolina, if he does not wish the above-captioned matter to be treated as a § 2255 petition. If, at the end of the period specified in this order, the Clerk's Office has not received a response from Defendant, the Court will treat the above-captioned case as a § 2255 action and rule accordingly.

If Defendant does file an objection to treatment of the motion under § 2255, the Court will rule upon the Motion as styled.[2]

---

[2]   As an alternative to considering Defendant's Motion under § 2255, Defendant's Motion could reasonably be construed as a motion for a sentence reduction pursuant to 18 U.S.C. §§ 3582(c)(1)(B) and/or 3582(c)(2). *See United States v. Jones*, No. 4:98-cr-89, 2010 WL 5057089 (W.D.N.C. Dec. 6, 2010) (construing request for retroactive application of the Fair Sentencing Act of 2010 as a § 3582(c)(2) motion). 18 U.S.C. § 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(2) permits a court to reduce the sentence of a defendant whose prison sentence was  based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission, provided that such a reduction is

IT IS THEREFORE ORDERED AS FOLLOWS:

(1) Defendant has twenty (20) days from the entry of this order to notify the Clerk of Court if he does not wish for his request for a sentence reduction to be construed as a § 2255 petition, and

(2) Defendant's Motion to Compel is DISMISSED as moot.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 5, 2011
Anderson, South Carolina

---

consistent with applicable policy statements issued by the Commission. If Defendant objects to this Court construing his Motion as a § 2255 petition, the Court will construe the Motion as one brought under 18 U.S.C. §§ 3582(c)(1)(B) and/or 3582(c)(2).